# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

JOHNEY FERGUSON                                                                    PETITIONER

VERSUS                                                         CIVIL ACTION NO. 2:04CV315-D-B

TOMMY TAYLOR, ET AL.                                                              RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the November 9, 2004, *pro se* petition of Johney Ferguson for a writ of *habeas corpus* under 28 U.S.C. § 2241. The petitioner is being held at the Bolivar County Regional Correctional Facility in Cleveland, Mississippi, awaiting trial on charges of accessory after the fact to murder. He was indicted on that charge March 7, 2005. He claims that the state has violated his right to a speedy trial because he has been held in pre-trial detention for over 280 days. The state moved April 4, 2005, to dismiss the petition for failure to exhaust state remedies. The petitioner has not responded, and the deadline for response expired April 14, 2005. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

### Discussion

Pre-trial petitions such as the instant one, are governed by 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [petitioner]." *Dickerson v. Louisiana,* 816 F. 2d 220, 224 (5th Cir.), *cert. denied,* 484 U.S. 956 (1987). Under § 2241, a petitioner must meet two requirements in order to be eligible for *habeas corpus* relief. First, the he must be "in custody." 28 U.S.C. § 2241(c); *Dickerson,* 816 F. 2d at 224. The petitioner meets this

requirement as he was in custody at the time he filed his petition.

Second, the petitioner must have exhausted his available state remedies. *Id.* The petitioner has, however, made no showing that he has exhausted his state remedies. He was indicted for accessory after the fact to murder on March 7, 2005. The petitioner sought and received discovery; he filed a notice of demand for speedy trial; and the state trial court entered an order setting the case for trial on Monday, April 11, 2005. The petitioner was tried and convicted of the crime and is now in the custody of the Mississippi Department of Corrections. The case progressed on a normal schedule.

The petitioner did not meet the exhaustion requirement before seeking federal *habeas corpus* relief. He has not presented his claim properly to the state supreme court; as such, the claim must be dismissed for failure to exhaust. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999). Further, no "special circumstances" exist to obviate the exhaustion requirement. *Id.; see also Carter v. Estelle,* 677 F.2d 427, 442-44 (5th Cir. 1982); *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988). As such, the instant case shall be dismissed for failure to exhaust state remedies. 28 U.S.C. § 2254 (b) and (c). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of July, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE